HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JULIA REIN, et al., | CASE NO. 14-5125 |
| Plaintiffs, | ORDER GRANTING DEFENDANT SAKAE SAKAI'S MOTION TO DISMISS |
| v. | |
| SAKAE SAKAI, ANDREA DESHIELL, ROBERT LEWIS, | [DKT. #13] |
| Defendants. | |

## I. INTRODUCTION

THIS MATTER is before the Court on Defendant Sakae Sakai's Motion to Dismiss (Dkt. #13). In a prior state court case, Rein sued her creditors (and others involved in her mortgage) in an effort to stop them from foreclosing on her home. Judge Robert Lewis of Clark County Superior Court dismissed her claims with prejudice. Rein has now sued Sakae Sakai, who was opposing counsel in the prior case. Rein alleges that Sakai conspired with the judge and his assistant to defeat her in the earlier lawsuit and in doing so he deprived Rein of a fair trial. She brings claims of constitutional and civil rights violations, and appears to allege a legal

malpractice claim. *See* Dkt. #42.[1] Sakai moves to dismiss,[2] arguing that because he is merely an attorney and not a state actor, he cannot be sued for civil rights violations, and that because he has never been Rein's attorney, she cannot sue him for legal malpractice.

## II.   DISCUSSION

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  A complaint must allege facts to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  Although the Court must accept as true a complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion. *Vasquez v. L.A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted).  This requires a plaintiff to plead "more

---

[1] Rein filed an Amended Complaint in which she asks the Court to set aside or stay the Superior Court proceedings. To the extent Rein asks this Court to review a decision of the state court, this Court has no jurisdiction to do so. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486-87 (1983). A district court must give full faith and credit to state court judgments, even if the state court erred by refusing to consider a party's federal claims. *See Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 293, 125 S.Ct. 1517 (2005).

[2] Sakai also moves to dismiss the Amended Complaint (Dkt. #46), but for obvious reasons, this Order makes his new motion moot and the Court does not address it.

than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*).

On a 12(b)(6) motion, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). However, where the facts are not in dispute, and the sole issue is whether there is liability as a matter of substantive law, the court may deny leave to amend. *Albrecht v. Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988). The purpose of the rule is to encourage decisions on the merits rather than on the precision (or imprecision, as the case may be) of the pleadings. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

### A.  Constitutional Violations

Sakai argues that because he is not a state actor he cannot be sued for violating Rein's constitutional rights. The Constitution's protections of individual liberty and equal protection generally apply only to government acts. *Edmonson v. Leesville Concrete Co., Inc.*, 500 U.S. 614, 619, 111 S.Ct. 2077 (1991). Private conduct is not controlled by the Fourteenth Amendment unless significantly intertwined with state involvement. *Kennebec, Inc. v. Bank of the West*, 88 Wn.2d 718, 721, 565 P.2d 812 (1977). Sakai was privately retained counsel for one of the defendants Rein sued. None of his participation in the litigation could possibly be said to have been "state action." Any reference to a conspiracy between Sakai and Judge Lewis is unsupportable, implausible speculation. Sakai's Motion to Dismiss Rein's constitutional claims against him is GRANTED and those claims are DISMISSED with prejudice.

### B. Legal Malpractice

Sakai further argues that he cannot be sued for legal malpractice because he did not have an attorney-client relationship with Rein. Liability for legal malpractice requires proof of (1) an attorney-client relationship; (2) a breach of duty to the client; (3) damage to the client; and (4) causation. *Nielson v. Eisenhower & Carlson*, 100 Wn. App. 584, 589, 999 P.2d 42 (2000). Rein has not alleged (and cannot allege) any facts to support her claim for legal malpractice because she is not, and never was, Sakai's client. Sakai's Motion to Dismiss Rein's legal malpractice claim against him is GRANTED and that claim is DISMISSED with prejudice.

All of Plaintiff Rein's claims against Defendant Sakai are DISMISSED with prejudice.

IT IS SO ORDERED.

Dated this 23rd day of April, 2014.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE