HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JULIA REIN, et al., | CASE NO. 14-5125 |
| Plaintiffs, | ORDER GRANTING DEFENDANT ANDREA DESHIELL'S MOTION FOR SUMMARY JUDGMENT |
| v. | |
| SAKAE SAKAI, ANDREA DESHIELL, and ROBERT LEWIS, | [DKT. #25] |
| Defendants. | |

THIS MATTER is before the Court on Defendant Andrea DeShiell's Motion for Summary Judgment (Dkt. #25). In a prior state court case, Rein sued her creditors (and others involved in her mortgage) in an effort to stop them from foreclosing on her home. Judge Robert Lewis of Clark County Superior Court dismissed her claims with prejudice. Rein has now sued Defendant DeShiell, Judge Lewis' assistant. Rein alleges that DeShiell conspired with Judge Lewis and opposing counsel to defeat her in the earlier lawsuit and, in doing so, violated her civil rights.[1] DeShiell argues that she may not be sued because judicial immunity extends to acts carried out under the authority and supervision of a judge.

---

[1] Rein filed an Amended Complaint in which she asks the Court to set aside or stay the Superior Court proceedings. To the extent Rein asks this Court to review a decision of the state

ORDER GRANTING DEFENDANT ANDREA DESHIELL'S MOTION FOR SUMMARY JUDGMENT - 1

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact that would preclude summary judgment as a matter of law. Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable [fact finder] could return a [decision] in its favor." *Triton Energy*, 68 F.3d at 1220.

Judges are entitled to immunity for judicial acts. *Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). Court employees who act under the authority and instruction of a judge are likewise immune from suit over acts "intimately associated with the judicial process." *Adkins v. Clark Cnty.*, 105 Wn.2d 675, 678, 717 P.2d 275 (1986) (quoting *Mauro v. Kittitas Cnty.*, 26 Wn. App. 538, 613 P.2d 195 (1980)).

Rein sued DeShiell over an unfavorable result she obtained in Judge Lewis' courtroom. There is no genuine dispute that the courtroom proceedings were "judicial" in nature. DeShiell was performing her duties as the judge's judicial assistant, which are necessarily "intimately

---

court, this Court has no jurisdiction to do so. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486-87 (1983). A district court must give full faith and credit to state court judgments, even if the state court erred by refusing to consider a party's federal claims. *See Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 293, 125 S.Ct. 1517 (2005).

1  associated with the judicial process." Therefore, DeShiell is entitled to immunity and is not
2  subject to suit.
3        DeShiell's Motion for Summary Judgment is GRANTED, and all claims against her are
4  DISMISSED with prejudice.
5        IT IS SO ORDERED.

8        Dated this 23rd day of April, 2014.

                              RONALD B. LEIGHTON
                              UNITED STATES DISTRICT JUDGE