HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JULIA REIN, et al., | CASE NO. 14-5125 |
| Plaintiffs, | ORDER GRANTING DEFENDANT ROBERT LEWIS'S MOTION FOR SUMMARY JUDGMENT |
| v. | |
| SAKAE SAKAI, ANDREA DESHIELL, ROBERT LEWIS, | [DKT. #21] |
| Defendants. | |

THIS MATTER is before the Court on Defendant Robert Lewis' Motion for Summary Judgment (Dkt. #21). In a prior state court case, Rein sued her creditors (and others involved in her mortgage) in an effort to stop them from foreclosing on her home. Judge Robert Lewis of Clark County Superior Court dismissed her claims with prejudice. Rein has now sued Defendant Judge Lewis' assistant. Rein alleges that Judge Lewis and his assistant conspired with opposing counsel to defeat her in the earlier lawsuit and in doing so have violated her civil rights.[1] Lewis asserts judicial immunity, arguing that he may not be sued for judicial acts.

---

[1] Rein filed an Amended Complaint in which she asks the Court to set aside or stay the Superior Court proceedings. To the extent Rein asks this Court to review a decision of the state court, this Court has no jurisdiction to do so. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486-87 (1983). A

ORDER GRANTING DEFENDANT ROBERT LEWIS'S MOTION FOR SUMMARY JUDGMENT - 1

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact that would preclude summary judgment as a matter of law. Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable [fact finder] could return a [decision] in its favor." *Triton Energy*, 68 F.3d at 1220.

Any judicial act a judge carries out entitles the judge to absolute immunity. *See Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). A judge is entitled to immunity even if the action he took was in error, was malicious, or was in excess of his authority. *Id.* at 1101.

Rein's claims against Lewis stem from a foreclosure action in Lewis' courtroom. There is no genuine dispute that the judge's ruling dismissing the defendants, although unfavorable to Rein, was a "judicial act." Therefore, Lewis is entitled to immunity as a matter of law and is not

---

district court must give full faith and credit to state court judgments, even if the state court erred by refusing to consider a party's federal claims. *See Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 293, 125 S.Ct. 1517 (2005).

1 subject to suit. Lewis' Motion for Summary Judgment is GRANTED. Because Lewis may not be

2 sued, all claims against him are DISMISSED with prejudice.

IT IS SO ORDERED.

Dated this 23rd day of April, 2014.

*Ronald B. Leighton*
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE