HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JULIA REIN, et al.,

               Plaintiffs,

     v.

SAKAE SAKAI, ANDREA DESHIELL,
ROBERT LEWIS, et al.,

               Defendants.

CASE NO. 14-5125

ORDER GRANTING
DEFENDANTS' MOTIONS TO
DISMISS AND DENYING
PLAINTIFF'S MOTIONS

[DKTS. #13, #17, #20, #36, #37, #44]

## I.    INTRODUCTION

THIS MATTER is before the Court on Defendants Northwest Trustee Services,

Mortgage Electronic Registration Systems, Inc., Wells Fargo Bank, N.A., Lane Powell PC, and

Northwest Mortgage Group, Inc.'s Motions to Dismiss,[1] and on Plaintiff Julia Rein's Motions for

Extension of Time (Dkt. #36), Court-Appointed Counsel (Dkt. #37), and Exclusion of Original

Complaint from Trial (Dkt. #44). In a prior state court case, Rein sued her creditors (and others

involved in her mortgage) in an effort to stop them from foreclosing on her home. Judge Robert

Lewis of Clark County Superior Court dismissed her claims with prejudice. Rein then sued the

---

[1] Northwest Trustee Services' Motion to Dismiss (Dkt. #13); Mortgage Electronic
Registration Systems, Inc.; Wells Fargo Bank, N.A.; and Lane Powell PC's Motion to Dismiss
(Dkt. #17); and Northwest Mortgage Group, Inc.'s Motion to Dismiss (Dkt. #20).

original defendants from the state court lawsuit, and also sued Judge Lewis, his assistant, and opposing counsel from the prior lawsuit. Rein alleges that all Defendants conspired to defeat her in the earlier lawsuit and, in doing so, violated her civil rights.

Rein has filed an Amended Complaint without obtaining leave from the court (Dkt. #42). In the Amended Complaint, Rein states that she only wishes to proceed against Defendants Judge Lewis, Andrea DeShiell, and Sakae Sakai. She has also moved for an extension of time to respond to defendants' motions, for court-appointed counsel, and to exclude her original complaint from trial.

Defendants Judge Lewis, Andrea DeShiell, and Sakae Sakai have been dismissed. Because there is no cognizable legal theory to support any claims against Defendants Northwest Trustee Services, Mortgage Electronic Registration Systems; Wells Fargo Bank; Lane Powell, or Northwest Mortgage Group, their Motions to Dismiss [Dkts. #13, #17, and #20] are GRANTED and all claims against them are DISMISSED with prejudice. Rein's remaining pending motions [Dkts. #36, #37, and #44] are DENIED as moot.

## II.  DISCUSSION

### A.  Defendant's Motions to Dismiss

Rein's Amended Complaint appears to voluntarily abandon her claims against Northwest Trustee Services, Mortgage Electronic Registration Systems, Inc., Wells Fargo Bank, N.A., Lane Powell PC, and Northwest Mortgage Group, Inc. Neither the Amended Complaint nor the previous complaint alleged any wrongdoing by any of the companies. Accordingly, each has

moved to dismiss. To clear up any potential confusion, and because the Amended Complaint was filed without leave, the Court addresses the defendants' motions on their merits.[2]

### 1.   Standard of Review

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint must allege facts to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although the Court must accept as true a complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion. *Vasquez v. L.A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*).

On a 12(b)(6) motion, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured

---

[2] Consistent with her abandoning the claims, Rein's Amended Complaint does not allege any new facts that could support claims against these remaining Defendants.

by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). However, where the facts are not in dispute, and the sole issue is whether there is liability as a matter of substantive law, the court may deny leave to amend. *Albrecht v. Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988). The purpose of the rule is to encourage decisions on the merits rather than on the precision (or imprecision, as the case may be) of the pleadings. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

> **2. Rein's Civil Rights Claims Are Improperly Asserted Against Non-State Actors, and the *Rooker-Feldman* Doctrine Bars Review of State Court Decisions.**

Rein's lawsuit is a civil rights action. The Constitution's protections of individual liberty and equal protection generally apply only to government acts. *Edmonson v. Leesville Concrete Co., Inc.*, 500 U.S. 614, 619, 111 S.Ct. 2077 (1991). Private conduct is not controlled by the Fourteenth Amendment unless significantly intertwined with state involvement. *Kennebec, Inc. v. Bank of the West*, 88 Wn.2d 718, 721, 565 P.2d 812 (1977).

Furthermore, to the extent that Rein asks the Court to revisit the state court proceedings in which NWTS was a party, the Court is barred from doing so by the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486-87 (1983). A district court must give full faith and credit to state court judgments, even if the state court erred by refusing to consider a party's federal claims. *See Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 293, 125 S.Ct. 1517 (2005).

### 3. Defendants' Motions to Dismiss are Granted.

Northwest Trustee Services, Mortgage Electronic Registration Systems, Inc., Wells Fargo Bank, N.A., Lane Powell PC, and Northwest Mortgage Group, Inc. move to dismiss. Each argues that Rein has failed to make any allegations against them, and that they cannot be sued for civil rights violations because they are not state actors. Rein does not, and cannot, allege facts to show that any defendant is a state actor or that its acts were intertwined with state acts. Each defendant is a financial institution, and Rein does not allege any specific wrongdoing by any of them. Nor can this Court revisit the state court action to which any defendant was a party—*Rooker-Feldman* and res judicata doctrines bar this kind of review. Therefore, because there is no cognizable legal theory to support the claims against them, all Defendants' Motions to Dismiss are GRANTED and all claims against them are DISMISSED with prejudice.

### B. Rein's Motions for Court-Appointed Counsel, Extension of Time, and Exclusion of Original Complaint at Trial are Moot.

Rein asks the Court to appoint counsel for her, for an extension to respond to the Defendants' most recent motions, and to exclude her original complaint from trial.

Under 28 U.S.C. § 1915(e)(1), the court may request an attorney to represent any person unable to afford counsel. Under §1915, the court may appoint counsel in exceptional circumstances. *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). To find exceptional circumstances, the court must evaluate the likelihood of success on the merits and the ability of the petitioner to articulate the claims pro se in light of the complexity of the legal issues involved. *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Rein cannot meet her burden of showing any likelihood of success on the merits—indeed, all Rein's claims have now been dismissed with prejudice. Her application for court appointed counsel is DENIED.

The Court has dismissed all defendants. Because an extension of time would be moot, the Motion for Extension of Time is DENIED. Because there will be no trial, the Motion to Exclude from Trial is also DENIED as moot.

### III.   CONCLUSION

Because there is no cognizable legal theory to support claims against Northwest Trustee Services, Mortgage Electronic Registration Systems, Inc., Wells Fargo Bank, N.A., Lane Powell PC, or Northwest Mortgage Group, Inc., their Motions to Dismiss are GRANTED and all claims against them are DISMISSED with prejudice. Because all defendants have now been dismissed, Rein's Motions for Court-Appointed Counsel, Extension of Time, and Exclusion of Original Complaint from Trial are DENIED as moot. All other pending motions by any parties are also DENIED as moot.

IT IS SO ORDERED.

Dated this 23rd day of April, 2014.


RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE